**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1070**

_____

MICHAEL O. LIVINGSTONE,

                Plaintiff - Appellant,

     v.

WALDEN UNIVERSITY, LLC,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Brendan A. Hurson, District Judge.  (1:22-cv-03096-BAH)

_____

Submitted:  September 2, 2025                Decided:  June 30, 2026

_____

Before BERNER, Circuit Judge, and TRAXLER and KEENAN, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael O. Livingstone, Appellant Pro Se.  Christopher J. Bayh, Kristin Leigh Froehle, BARNES & THORNBURG LLP, Indianapolis, Indiana, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael O. Livingstone appeals the district court's order dismissing his civil action without prejudice. In his informal brief,[1] Livingstone challenges the district court's dismissal of all but one of his claims[2] for lack of standing and the district court's decision to deny leave to amend the complaint. We affirm.

We review de novo a district court's legal conclusions underlying a Rule 12(b)(1) dismissal. *Kale v. Alfonso-Royals*, 139 F.4th 329, 333 (4th Cir. 2025). "A plaintiff has standing if he shows: (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Penegar v. Liberty Mutual Ins. Co.*, 115 F.4th 294, 299 (4th Cir. 2024) (internal quotation marks omitted).

---

[1] This court previously granted Livingstone several extensions of time to file a reply brief, ultimately warning that "[n]o further request for extension shall be granted." *Livingstone v. Walden Univ.*, No. 24-1070 (4th Cir. Apr. 24, 2026) (unpublished order). Nevertheless, Livingstone filed his proposed reply brief several days late, accompanied by an additional request to extend the filing time. We need not consider whether Livingstone has established adequate grounds for further extension, *see Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023) (discussing factors relevant to excusable neglect), because even were we to consider the arguments raised in Livingstone's proposed reply, they would not alter the outcome of this appeal. We thus deny as moot Livingstone's motions for an extension of time to file his reply brief and for leave to exceed the length limitations for that brief.

[2] Because Livingstone's informal brief does not fairly challenge the district court's dismissal of his remaining claim, Livingstone has forfeited appellate review of that ruling. *See* 4th Cir. R. 34(b) (limiting appellate review to issues raised in informal brief); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (same); *see also Clendening v. United States*, 19 F.4th 421, 430 n.7 (4th Cir. 2021) ("A party waives an argument by raising it for the first time in its reply brief." (citation modified)).

A plaintiff bears the burden to establish standing to sue. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "At the pleading stage, that means that she must clearly allege facts demonstrating injury in fact, causation, and redressability." *Penegar*, 115 F.4th at 300 (alteration and internal quotation marks omitted). "Typically, the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Gen. Tech. Apps., Inc. v. Exro Ltda*, 388 F.3d 114, 118 (4th Cir. 2004) (alterations and internal quotation marks omitted); *see Pender v. Bank of Am. Corp.*, 788 F.3d 354, 366 (4th Cir. 2015) (observing that "standing is gauged by the specific common-law, statutory or constitutional claims that a party presents" (internal quotation marks omitted)). "When assessing whether a plaintiff possesses Article III standing to sue, a court accepts as valid the merits of the plaintiff's legal claims." *Laufer v. Naranda Hotels, LLC*, 60 F.4th 156, 161 (4th Cir. 2023) (alterations and internal quotation marks omitted).

We have thoroughly reviewed the record in view of these standards and find no reversible error in the district court's determination that Livingstone failed to adequately plead standing as to each of Counts II to XVI.[3] *See Fernandez v. RentGrow, Inc.*, 116 F.4th 288, 294-95 (4th Cir. 2024) (explaining that mere statutory violation, standing alone, is insufficient to establish injury in fact); *Disability Rights S.C. v. McMaster*, 24 F.4th 893, 901 (4th Cir. 2022) (discussing causation); *Dreher v. Experian Info. Sols., Inc.*, 856 F3d

---

[3] Although Livingstone questions whether the district court failed to address his retaliation claims alleged in Counts XI and XIV, the district court plainly dismissed those claims for lack of standing.

3

337, 345 (4th Cir. 2017) (discussing requirements for informational injury); *Beck v. McDonald*, 848 F.3d 262, 273 (4th Cir. 2017) (holding that bare assertions of emotional injury are insufficient to establish injury in fact).  Additionally, we find no abuse of discretion in the district court's denial of Livingstone's request to amend his complaint.[4] *See United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (standard of review); *Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (affirming denial of request to amend unaccompanied by "proposed amendment or statement indicating how [plaintiffs] might wish to amend their complaint"); *Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 631 (4th Cir. 2008) (holding that district court does not abuse its discretion "by declining to grant a motion [for leave to amend] that was never properly made").

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[4] Insofar as Livingstone alleges that the district court's ruling displayed judicial bias, our review of the record reveals no colorable bias or impropriety by the district judge. *See United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (discussing judicial bias claims).